No. 23-13966-D

In The
# United States Court of Appeals
# for the Eleventh Circuit

_____

In re: Managed Care Multidistrict Litigation (MDL 1334)

Managed Care Advisory Group, LLC

plaintiff/appellant,

v.

Cigna Healthcare,

defendant/appellee             .

_____

On appeal from the United States District Court
for the Southern District of Florida, No. 00-MD-1334
District Judge Federico A. Moreno

_____

**APPELLEE'S MOTION FOR SECOND EXTENSION OF TIME
TO FILE APPELLEE'S BRIEF**

_____

May 22, 2024

Martin Steinberg
David Massey
Hogan Lovells US LLP
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
(305) 459-6500
marty.steinberg@hoganlovells.com
david.massey@hoganlovells.com

*Counsel for Appellee CIGNA Healthcare, Inc.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, Appellant, Cigna Healthcare, Inc. (the "Appellant"), hereby states that the following is a list of all judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that may have an interest in the outcome of this appeal and the case below, including subsidiaries, conglomerates, affiliates and parent corporations, including publicly held corporations that own 10% or more of any party's stock and other identifiable legal entities related to a party:

1. Axis Law Group, PLLC (*counsel for Appellant*)

2. Buchwalter (*counsel for Appellant*)

3. Burke, Maura L. (*counsel for IMEDECS, Millennium Healthcare, Inc. and Mary Falbo*)

4. The Cigna Group [Ticker: CI]

5. Cigna Healthcare, Inc. (*Appellee*)

6. Cigna Healthcare Holdings, Inc.

7. Cigna Holdings, Inc.

8. Cigna Holding Company

9. Carolan, Jacqueline M. (*counsel for IMEDECS, Millennium Healthcare, Inc. and Mary Falbo*)

10. Coffey Burlington (*counsel for Epiq Systems, Inc.*)

11. Connecticut General Corporation

12. Cunningham, Tim (*counsel for Epiq Systems, Inc.*)

13. Davis Wright Tremaine LLP (*counsel for Epiq Systems, Inc.*)

14. DeMaria, Joseph A. (*counsel for IMEDECS, Millennium Healthcare, Inc. and Mary Falbo*)

15. Epiq Systems, Inc.

16. Falbo, Mary

17. Fox Rothschild LLP (*counsel for IMEDECS, Millennium Healthcare, Inc. and Mary Falbo*)

18. Garcia, David

19. Gelber, Dan S. (*counsel for Appellant*)

20. Gelberg Schachter & Greenberg, P.A. (*counsel for Appellant*)

21. Goodman, Jonathan (*District Court Magistrate Judge*)

22. Greenberg, Gerald E. (*counsel for Appellant*)

23. Gutchess, Jeffrey W. (*counsel for Appellant*)

24. Hogan Lovells US LLP (*counsel for Appellee*)

25. IMEDECS

26. Kapila, Soneet (*Special Master*)

27. Kozyak Tropin & Throckmorton LLP (*MDL Co-Lead Plaintiffs' Counsel*)

28. Managed Care Advisory Group, LLC (*Appellant*)

29. Manning, Neil

30. Massey, David (*Counsel for Appellee*)

31. Matthews, Joseph (*Arbitrator*)

32. McQuilkin, Gail A. (*MDL Co-Lead Plaintiffs' Counsel*)

33. Medina, Damaris L. (*counsel for Appellant*)

34. Michaelman & Robinson, LLP (*counsel for Appellant*)

35. Millennium Healthcare Consulting, Inc.

36. Moreno, Honorable Federico A. (*District Court Judge*)

37. Newell, Robert D. (*counsel for Epiq Systems, Inc.*)

38. O'Sullivan, Honorable Magistrate Judge John (*District Court Magistrate Judge*)

39. Podhurst, Aaron S. (*Liaison Counsel for MDL Plaintiffs*)

40. Podhurst Orseck, P.A. (*Liaison Counsel for MDL Plaintiffs*)

41. Schwiep, Paul J. (*counsel for Epiq Systems, Inc.*)

42. Selesnick, Andrew H. (*counsel for Appellant*)

43. Steinberg, Martin ("Marty") (*counsel for Appellee*)

44. Tropin, Harley S. (*MDL Co-Lead Plaintiffs' Counsel*)

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Eleventh Circuit Rule 26.1-1, Counsel for Appellant, certifies as follows:

1. Cigna Healthcare, Inc. is a wholly-owned subsidiary of Cigna Healthcare Holdings, Inc.

2. Cigna Healthcare Holdings, Inc. is a wholly-owned subsidiary of Connecticut General Corporation.

3. Connecticut General Corporation is a wholly-owned subsidiary of Cigna Holdings, Inc.

4. Cigna Holdings, Inc. is a wholly-owned subsidiary of Cigna Holding Company.

5. Cigna Holding Company is a wholly-owned subsidiary of The Cigna Group, a publicly traded company [Ticker: CI]. No publicly held corporation owns 10% or more of Cigna Corporation's stock.

## **MOTION**

Cigna Healthcare, Inc. requests a second extension of time to file its Response Brief to Appellant Managed Care Advisory Group, LLC's Brief. In violation of 11th Circuit Rules, Appellant has included documents in the Appendix that are not in the district court's record and has refused to correct the improper record citations. Due to these circumstances, Cigna cannot file a complete Response Brief and requests that the Court instruct Appellant to correct its Appendix and, pursuant to 11th Circuit Rule 30-1(d), grant Cigna an extension of 30 days after the Appellant corrects the record citations to file its Response Brief.

On December 1, 2023, Appellant filed its Notice of Appeal and on March 29, 2024 filed its Brief. D.E. 1, 36. The Appendix was due 7 days later, but Appellant was granted an extension to file it until May 6, 2024. Following this, because Cigna's Response Brief was initially due on April 29, 2024 before the Appendix was due, Cigna requested and received an extension until May 29, 2024 to file its Brief. D.E. 39. Appellant then submitted its Appendix on May 6, 2024. D.E. 44.

The current request for an extension was not foreseen at the time the first request was made, April 9, 2024, because Appellants had not yet submitted their Appendix. 11th Cir. R. 30-1(d); DE 44.

Under the 11th Circuit Rules, an appellant's appendix must contain "the relevant ***docket entries*** in the proceeding below." 11th Cir. R. 30-1. Additionally,

the rules state that "under no circumstances should a document be included in the appendix *that was not submitted to the trial court*." 11th Cir. R. 30-1.

In its Appendix, Appellant improperly includes multiple documents from the arbitration hearing before arbitrator Matthews that are not part of the district court's record. For example, in Volume Seventeen of the Appendix, rather than referencing docket entries, the Appellant references certain Exhibits B-F that include emails, clinical reviews, and weekly reports that were purportedly used in the arbitration hearings. D.E. 44. These documents, however, cannot be included in Appellant's Appendix because they were not submitted to the district court and are not a docket entry or otherwise part of the record in those proceedings. Further, Appellant cites these improperly included documents in its opening Brief. Appellants are in violation of the 11th Circuit's Rules by including documents that are not in the underlying record.

Additionally, the Rules require that Cigna's references to the record in its Response Brief "must be to document number and page number." 11th Cir. R. 28-5. By including documents in the Appendix that do not have a docket entry number and are instead designated as exhibits, Appellant has made it impossible for Cigna to properly rely on the Appellant's record in its Response Brief.

To attempt to resolve this issue, Cigna met and conferred with counsel for the Appellant, informed him that the arbitration materials were improperly included in

7

the Appendix, and requested that Appellants correct the record citations. Appellant did not agree to do so. Instead, Appellant argues that including those citations is acceptable based on the Stipulated Order which states that "[T]he Parties Stipulate [to] [t]ransfer all litigation regarding *MCAG v. CIGNA* to federal court, including the current Arbitration" and for "Joseph Matthews … to serve as a Special Master in federal court … ." D.E. 6677, *In Re: Managed Care*, Case No. 1:00-md-00-01334-FAM. But, this language does not excuse Appellant from complying with the 11th Circuit's Rules. Appellant's response to Cigna's meet and confer does not address the 11th Circuit Rules, but the Rules are clear that that an appendix cannot include documents that were not submitted to the trial court and do not have a docket entry number.

Appellant cannot include arbitration documents in its Appendix that are not in the district court's record. Without proper designations in the Appendix, Cigna also cannot correctly cite to the record in its Response Brief, which has caused Cigna difficulty in properly drafting the Response. Having attempted to amicably resolve the issue with Appellant, Cigna intends within seven days to file a motion to compel Appellant to correct the record. Before then, however, Cigna requests this Court instructs Appellant to correct the record citations and also requests an extension of thirty (30) days after the Appellant corrects the record citations to file its Response Brief.

May 22, 2024                                    Respectfully submitted,

**HOGAN LOVELLS US LLP**

By */s/ Marty Steinberg*
Martin Steinberg
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Telephone: 305-459-6500
Facsimile:  305-459-6550
marty.steinberg@hoganlovells.com
david.massey@hoganlovells.com

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(g)(1)**

Pursuant to Rule 32(g)(1) and 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify that this motion contains no more than 5,200 words. Based on the word count of the word processing system used to prepare this motion, the word count, excluding any accompanying documents as authorized by Federal Rule of Appellate Procedure 27(a)(2)(B), is 718.

I also certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced font that includes serifs using Microsoft Word in 14 point Times New Roman font.

Dated: May 22, 2024

                                              */s/Marty Steinberg*
                                              Martin Steinberg

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2024, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          */s/ Marty Steinberg*
                                          Martin Steinberg